IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DAVIN JEROME STEWART, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:09-cv-0295-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Davin Jerome Stewart's ("Stewart") motions to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF Nos. 272 and 310. The government filed a motion to dismiss or, in the alternative, for summary judgment, ECF No. 283. For the reasons set forth below, the court dismisses Stewart's petitions and grants the government's motion.

## I.  BACKGROUND

On March 11, 2009, the government named Stewart, along with two other defendants, in an indictment charging him with armed bank robbery in violation of 18 U.S.C. § 2113 (Count 1); carrying a firearm during the commission of a violent crime in violation of 18 U.S.C. § 924(c) (Count 2); and felony possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 3). On November 18, 2009, a jury found Stewart guilty of all three counts. On May 25, 2010, the court sentenced Stewart to a total aggregate term of imprisonment of 171 months. Stewart appealed his conviction to the Fourth Circuit, which affirmed on January 1, 2011. United States v. Stewart, 408 F. App'x 755, 757 (4th Cir. 2011) (unpublished opinion).

1

On April 6, 2016, Stewart, acting pro se, filed a § 2255 petition seeking relief from his conviction and sentence. ECF No. 272. On June 10, 2016, the government filed a motion to dismiss Stewart's petition or, in the alternative, for summary judgment. ECF No. 283. Stewart responded to the government's motion on August 19, 2016. ECF No. 295. On September 25, 2019, Stewart filed a second § 225 petition, supplementing his first petition. ECF No. 310.

## II. STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled

2

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as one for summary judgement. Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty lobby, Inc., 477 U.S. 242, 255 (1986).

### III. DISCUSSION

In his petition, Stewart argues that his conviction under § 924(c) should be vacated based on the court's ruling in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Stewart argues that his conviction for armed bank robbery is not a "crime of violence" for the purposes of § 924(c). Further, Stewart argues that his § 924(c) conviction cannot stand because neither his indictment nor jury form alleged "brandishing." Finally, Stewart's supplemental petition argues that his counsel rendered ineffective assistance in failing to object to his sentence in light of Johnson. Because no ground entitles Stewart to relief, the court dismisses Stewart's petitions.

**A. Stewart's Challenge Under Johnson**

The court must first address the timeliness of Stewart's claim for relief under Johnson. Stewart's petition challenges his § 924(c) conviction and sentence based on the Supreme Court's holding in Johnson that the residual clause of the Armed Career

---

to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

Criminal Act ("ACCA") is void for vagueness.  Section 924(c) contains a residual clause that is similar to the ACCA's residual clause.  Section 2255 imposes a one-year period of limitations, relevant here, from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  However, the newly recognized right in Johnson only relates to the residual clause in the ACCA, not the residual clause in § 924(c).  Indeed, in Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court "made clear that the right announced in Johnson did not automatically apply to all similarly worded residual clauses."  United States v. Brown, 868 F.3d 297, 302 (4th Cir. 2017), cert. denied, 139 S. Ct. 14 (2018).  The Fourth Circuit reiterated this point in Brown, finding that a petitioner's motion challenging the residual clause in the United States Sentencing Guidelines was untimely because the petitioner brought the motion pursuant to Johnson, and the newly recognized right in Johnson only applied to the ACCA.  Id. at 303.  As such, Johnson does not recognize any new right that is applicable to § 924(c), making Stewart's claim untimely based on Johnson.

However, this does not end the court's inquiry.  While Stewart's petition is untimely under Johnson, it may be considered under United States v. Davis, 139 S. Ct. 2319 (2019).  In Davis, the Supreme Court announced a newly recognized right by finding § 924(c)'s residual clause to be unconstitutionally vague.  139 S. Ct. at 2336.  Neither the Supreme Court nor the Fourth Circuit has determined whether Davis has retroactive effect.  However, the Fifth, Tenth, and Eleventh Circuits have all determined that Davis established a new substantive rule that should be applied retroactively.  See

United States v. Reece, 2019 WL 4252238, at *4 (5th Cir. Sept. 9, 2019); United States v. Bowen, 2019 WL 4146452, at *4 (10th Cir. Sept. 3, 2019); In re Hammoud, 931 F.3d 1032, 1039 (11th Cir. 2019). The court agrees with the reasoning of these courts and gives Davis retroactive effect. Therefore, Davis, which was decided on June 24, 2019, affects the timeliness of Stewart's petition.

However, even in light of Davis, the court denies Stewart's motion because his § 924(c) conviction and sentence are nonetheless valid based on the force clause. Pursuant to § 924(c), it is illegal for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States" to "use[ ] or carr[y] a firearm, or who, in furtherance of any such crime, possess[ ] a firearm." 18 U.S.C. § 924(c). The statute defines "crime of violence" as

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. The Davis Court found the residual clause, subsection B, to be void for vagueness; however, the force clause, subsection A, remains intact. As such, § 924(c) convictions based on an underlying crime of violence that fits within the force clause's definition are still valid.

The crime of violence upon which Stewart's § 924(c) conviction is based is his conviction for armed bank robbery in violation of 18 U.S.C. § 2113. Stewart argues that armed bank robbery is not a crime of violence because the residual clause of § 924(c) is void for vagueness and because armed bank robbery does not qualify as a crime of violence under the force clause. While the residual clause is void for vagueness, the

5

second half of Stewart's argument fails because the Fourth Circuit has long found armed bank robbery to be a crime of violence under the force clause. In United States v. McNeal, the Fourth Circuit noted, "Twenty-five years ago[], our esteemed former colleague Judge Hall explained that 'armed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" 818 F.3d 141, 152 (4th Cir. 2016) (quoting United States v. Adkins, 937 F.2d 947, 950 n. 2 (4th Cir. 1991)). Thus, the court found that "bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)." Id. at 153. Therefore, Stewart's § 924(c) conviction is still valid, and Davis offers him no relief.

### B. Remaining Grounds of Stewart's Petitions

In his first petition, Stewart also asserts that his § 924(c) conviction is invalid because the government did not charge him with brandishing a weapon in its indictment and the court did not charge the jury on the issue of brandishing. In his second petition, Stewart additionally asserts a claim of ineffective assistance of counsel. Because both arguments are untimely, the court rejects these remaining grounds for Stewart's petition.

Section 2255 imposes a one-year period of limitations:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 2255(f)'s one-year limitations period is applied on a claim-by-claim basis. Hannigan v. United States, 131 F. Supp. 3d 480, 487 (E.D.N.C. 2015); see Capozzi v. United States, 768 F.3d 32, 33 (1st Cir. 2014) (per curiam) (collecting cases from the Third, Sixth, Ninth, Tenth, and Eleventh Circuits). For postconviction relief purposes, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction," meaning 90 days after entry of the court of appeal's judgment. Clay v. United States, 537 U.S. 522, 525 (2003).

The Fourth Circuit affirmed Stewart's conviction and sentence on January 21, 2011; Stewart's window for filing a petition for certiorari, therefore, expired on April 21, 2011. Stewart filed the instant petitions on April 6, 2016 and September 25, 2019, respectively. Both petitions were filed well after § 2255(f)'s 1-year limitations period expired. While Stewart's claim under Johnson is made timely by the right recognized by the Supreme Court in Davis with respect to § 924(c), subsection 3 of § 2255(f) does nothing to help the remaining grounds of Stewart's petitions because the Supreme Court has not recognized any new rights with respect those grounds. Likewise, § 2255(f)'s other subsections do not save Stewart's untimely petitions. Therefore, the court dismisses Stewart's petition and grants the government's motion to dismiss.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Stewart does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition.

### IV. CONCLUSION

For the foregoing reasons, the court **DISMISSES** Stewart's petitions and **GRANTS** the government's motion. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　**DAVID C. NORTON**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**January 7, 2020**
**Charleston, South Carolina**